[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14196
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-00823-JOF

WILLIAM N. ASMA, ALLAN F. EAYERS,
JANIS M. EAYERS and ERNEST EAYRS,

                                        Defendants - Appellants,

vs.

WELLS FARGO BANK, N.A.,

                                        Plaintiff - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 9, 2014)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

　　William N. Asma, Allan F. Eayrs, Ernest Eayrs, and Janis Eayrs appeal the

district court's grant of summary judgment in favor of Wells Fargo Bank, N.A.

After review of the record and the parties' briefs, we affirm.[1]

**I**

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

Each of the appellants-guarantors elected to guaranty the repayment of either one or two real estate loans. Under the first loan ("Loan A"), SouthTrust Bank, N.A. loaned Ms. J. Eayrs $900,000. As to this loan, Mr. Asma, Mr. A. Eayrs, and Mr. E. Eayrs agreed to "pay all expenses paid or incurred by Lender in collecting any and all sums owing under [the Guaranties] and in the enforcement of its rights under the security given by Guarantor[s] for [their Guaranties] . . including reasonable attorney's fees." Under the second loan ("Loan B"), SouthTrust loaned $1,800,000 to Royalty Properties, LLC. As to this loan, the guarantors pledged to "pay all of the Bank's and its affiliates' reasonable expenses incurred to enforce or collect any of the Guaranteed Obligations, including without limitation, reasonable . . . attorneys' . . . fees and expenses…."

The borrowers defaulted under both loans. Wells Fargo, which had since acquired the loans, foreclosed on the real property collateral for the loans and then sued the guarantors in federal district court to recover the balance owed under the loan documents.

---

[1] We issued a jurisdictional question in this case. The parties' responses to the question satisfy us that complete diversity exists.

The district court granted summary judgment in favor of Wells Fargo, concluding that the guarantors breached their respective guaranty agreements and imposing joint and several liability for principal, prejudgment interest, and attorneys' fees. In so doing, the district court applied O.C.G.A. § 13-1-11(a)(2) to calculate the attorneys' fees to which Wells Fargo was entitled. The guarantors now appeal.

## II

We review *de novo* the grant of summary judgment, applying the same legal standards used by the district court. *See Doe v. Sch. Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1253 (11th Cir. 2010). These legal standards require that we view the facts and resolve all reasonable inferences in favor of the non-moving party. *See Hawkins v. Sarasota County Sch. Bd.*, 322 F.3d 1279, 1280-81 (11th Cir. 2003). Summary judgment should only be granted if the record reveals that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id*.

We review the district court's award of attorney's fees for abuse of discretion. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). But the district court's interpretation of a state statute is subject to plenary review. *Blasland, Bouch & Lee, Inc. v. City of North Miami*, 283 F.3d 1286, 1294 (11th Cir. 2002).

3

## III

The guarantors argue that the district court erroneously calculated the attorneys' fees to which Wells Fargo is entitled.  They maintain that the district court erred (1) when it applied the attorneys' fees provisions of the guarantys instead of the fees provisions in the promissory notes for the underlying loans, and (2) when it held that the formulas for computing attorneys' fees set forth in O.C.G.A. § 13-1-11(a) apply to contracts that provide for reimbursement of attorneys' fees actually incurred.  We disagree. [2]

## A

As an initial matter, we conclude that the attorneys' fees provisions of the guaranties govern in this case.  Georgia courts have repeatedly characterized and enforced guaranty agreements as contracts.  *See Charania v. Regions Bank*, 591 S.E. 2d 412, 414 (Ga. Ct. App. 2003) (referring to a guaranty agreement as a contract); *Rodgers v. First Union Nat. Bank of Ga.*, 470 S.E.2d 246, 250 (Ga. Ct. App. 1996) (applying O.C.G.A. § 13-1-11(a) to guaranty agreements containing provisions for the payment of attorneys' fees).  Wells Fargo sued the guarantors to enforce their respective guaranty agreements.  Because guaranty agreements are enforced as contracts, the attorneys' fees provisions in the guaranty agreements,

---

[2] The guarantors also contend that the district court should have required Wells Fargo to surrender the original loan documents to the district court. They acknowledge, however, that they have located no binding authority supporting this proposition.

rather than the attorneys' fees provisions in the underlying promissory notes, govern the guarantors' liability under their respective guaranties.

The district court applied O.C.G.A. § 13-1-11(a) to calculate the attorney's fees that the guarantors owed. This statute provides, in relevant part:

> (a) Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity . . . subject to the following provisions:
>> (1) If such note or other evidence of indebtedness provides for attorney's fees in some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and enforceable up to but not in excess of 15 percent of the principal and interest owing on said note or other evidence of indebtedness;
>> (2) If such note or other evidence of indebtedness provides for the payment of reasonable attorney's fees without specifying any specific percent, such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00….

O.C.G.A. § 13-1-11(a)(1)-(2).

The guarantors posit that the formulas set forth under this statutory scheme do not govern because, under the loan documents, they are only liable for attorneys' fees actually incurred. We are not persuaded.

The Georgia Court of Appeal has had several occasions to address the

5

interplay between § 13-1-11(a) and specific language in a negotiable instrument allowing for the recovery of fees actually incurred.  In *Rodgers,* the guaranty at issue stipulated that the guarantor would pay all legal expenses and reasonable attorney's fees "actually incurred."  470 S.E. 2d at 250.  The guaranty also stipulated that 15 percent of the total amount due constituted a reasonable attorney's fee.  *Id.*  Applying § 13-1-11(a)(1), the Court of Appeal ruled that, irrespective of the "actually incurred" language in the guaranty, the bank was entitled to "recover 15 percent of the total balance," a sum that fell below the statutory cap but that the parties agreed was a reasonable fee.  *Id*.

In *S & A Industries, Inc. v. Bank Atlanta*, 247 Ga. App. 377 (Ga. Ct. App. 2000) (en banc), by contrast, the promissory note between the bank and the debtor stipulated that the debtor would "pay any fee, not to exceed 15 percent of the principal and interest then owed that [the bank] incurred, plus court costs."  *Id*. at 383 (punctuation omitted).  Observing that "the statute does not mandate the recovery of 15 percent attorney fees in every case," the Court of Appeal concluded that "the bank's maximum recovery for attorneys' fees is 15 percent, and it must establish that it has actually incurred fees in that amount in order to recover the maximum."  *Id*.

On the surface, there appears to be some tension between *Rodgers* and *S & A Industries*, but the cases may be reconcilable because in *Rodgers* the parties

contractually agreed that 15% of the total amount due should be a reasonable fee. Fortunately, the Georgia Supreme Court recently resolved any lingering doubt by recognizing and accepting the reality that the application of § 13-1-11(a) will sometimes result in a windfall for lenders, particularly where "the damages awarded exceed the actual fees incurred." *Austin v. Bank of Am., N.A.,* 743 S.E. 2d 399, 405-06 (Ga. 2013) ("That the statutory formula [under O.C.G.A. § 13-1-11] resulted in an award in excess of actual fees incurred does not provide a ground for ignoring this mandatory statute or forbearing its enforcement."). Given the Georgia Supreme Court's recent guidance on this issue, we conclude that the district court properly applied § 13-1-11 in calculating attorneys' fees. Because the guaranties "provide[] for the payment of reasonable attorney's fees without specifying any specific percent," the district court correctly concluded that § 13-1-11(a)(2) governs in this case.

## IV

The district court's grant of summary judgment in favor of Wells Fargo is affirmed.

**AFFIRMED.**